# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| GILLARD WATTS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CV415-285 |
| | ) | CR494-178 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

"[U]pon finding that a defendant violated a condition of supervised release, a district court, after considering factors set forth in [18 U.S.C.] § 3553(a), may . . . revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release." *United States v. White*, 416 F.3d 1313, 1318 (11th Cir. 2005) (per curiam); *see also* § 3583(e)(3)." *United States v. Menefee*, 607 F. App'x 859, 861 (11th Cir. 2015). In this case, Gillard Watts violated his supervised release, had it revoked, and received 56 months' incarceration. That's 20 months beyond what was remaining

1

on his supervised release term, he contends, so he seeks relief under 28 U.S.C. § 2255.[1] CR494-178, doc. 51 at 4.

## I. ANALYSIS

Watts does not challenge the factual basis of the Court's 2014 revocation judgment:

> On December 10, 2014, the defendant, with assistance of counsel, appeared before the Court for a revocation hearing for violation of supervised release. The Court, after hearing testimony from the probation officer and receiving a stipulation from the defendant, made findings on the record that on July 21, 1995, the defendant was sentenced for committing the offenses of use of a firearm during the commission of a felony (Count 2) and possession of a firearm by a convicted felon (Count 3).[2] The defendant was sentenced to 57 months custody as to Count 3 and 60 months custody as to Count 2, to be served consecutively, for a total of 117 months. The imprisonment term was to be followed by a *3-year term of supervised release as to each count, to be served concurrently*. As a special condition of supervised release, the defendant was ordered to submit to substance abuse testing and

---

[1] Revocation challenges can be brought under § 2255, *United States v. Wysocki*, 463 F. App'x. 814, 815-16 (11th Cir. 2012) ("[A] defendant, facing re-incarceration upon the revocation of supervised release, may not sidestep § 2255 and challenge the validity of his original sentence during the revocation proceedings."), and the Court preliminarily reviews this one under Rule 4(b) of the Rules Governing § 2255 Proceedings.

[2] The use of a firearm during the commission of a felony is a Class A felony pursuant to 18 U.S.C. § 924(c)(1)(A)(i), which exposes an offender to no less than five years imprisonment. There is no statutory maximum to that; it is thus a "Class A felony." Possession of a firearm by a convicted felon, in contrast, is a "Class C felony" under 18 U.S.C. § 924(a)(2), fetching imprisonment of not less than ten years' imprisonment.

treatment as directed by the probation officer.

Doc. 48 at 3 (revocation judgment) (emphasis and footnote added).

But there are some additional layers to this story. This Court's Probation Office records show that Watts was arrested for the gun charges by local/state authorities on November 1, 1994 and would serve "state time" before he was transferred into federal custody on February 19, 2002 (his federal sentence began on that date). He was released from federal custody on September 9, 2010. Hence, he served 102 months that, with a good-conduct-credit reduction, satisfied the entire incarceration portion of his federal sentence. All that remained, then, was his 36 months of supervised release.

Watts failed to complete his 36-month, supervised release term. He reoffended (state law drug charges) on August 23, 2011, less than twelve months after his federal prison release. So, on August 30, 2011, the Court sent a supervised release detainer to the State. On August 21, 2012, the State court sentenced him to fifteen years upon his guilty plea to state charges for possessing cocaine with intent to distribute. *Id.* That led to the revocation of his *federal* supervised release, so

when the State paroled him on November 4, 2014, he was brought back to this Court. On December 10, 2014, it found:

> that the defendant violated the conditions of supervised release by committing the previously noted [State law] offenses. The defendant has accepted responsibility for his actions, but [his record does not allow for the Court's leniency. [Watts] served nearly six years in state prison and nine years in federal prison before beginning his term of supervised release. Those terms of imprisonment failed to deter [him] from further criminal conduct. Therefore, the defendant's supervised release term is hereby revoked.

*Id.* (footnote added). Finding no grounds for leniency, the district judge "sentence[d] [Watts] to fifty-six months custody as to Count 2 and twenty-four months custody as to Count 3, to be served *concurrently*. Supervised release is not reimposed." Doc. 48 (emphasis added).

Watts did not appeal that re-incarceration judgment. Instead, he timely filed the instant § 2255 motion. Docs. 48 & 51.[3] He contends

---

[3] Note that the 1995 judgment (doc. 25) is not accessible in E-docket (digital) form, but its docket entry says: "JUDGMENT Gillard Watts (1) count(s) 1r. dismissed , Gillard Watts (1) count(s) 2r, 3r. $50 special assessment as to each count total $100 due immediately; committed to the BOP for a term of 57 months to count three, and 60 months as to count two, to be served *consecutively*, for a total of 117 months, three years supervised release with standard and other conditions as to *each* of counts two and three to be served *concurrently* (Signed by Chief Judge B. Avant Edenfield ) (sfw)

4

that he:

> was sentenced to 57 months & 60 months [hence, 117 months] consecutively in 1995 to the instant offenses along with 36 months of supervised release. Upon revocation of these sentences in 2014[,] the Courts [sic] exceeded the amount of time established for supervised release by 20 months, by sentencing me to 56 months instead of the 36 months of supervision from the original disposition of this case.

Doc. 51 at 4.

Watts thus raises this issue: "Whether after serving the total amount of time imposed by the district court,[4] including full term of supervised release[5] -- the court has jurisdiction to revoke/violate the term of supervised release already served? And if not whether the court lacked statutory [and] constitutional power to do so depriving

---

Modified on 08/28/1997 (Entered: 07/21/1995)[.]" (Emphasis added). The factual accuracy of this entry is corroborated by the undisputed factual recitation in the electronically accessible revocation judgment, doc. 48.

[4] Actually, he served 102 of the 117 months but that was due to good time credits. Effectively speaking, however, Watts is correct that he has completed his 117 *incarceration* sentence.

[5] That's simply not true. He was on supervised release from September 9, 2010, until his August 23, 2011 arrest on the above-noted state charges. *See* 8/30/11 Petition for Warrant or Summons for Offender Under Supervision. Doc. 38. Hence, he in fact had *not* served the "full term of supervised release" when this Court reasserted (via federal detainer) jurisdiction over him. For that matter, no credit for time served under supervised release is given if supervised release is revoked. *United States v. Pressley*, 2015 WL 4378379 at * 7 (E.D. Pa. July 15, 2015).

5

[sic] the court of authority?" Doc. 51 at 7 (footnotes added).

Watts' § 2255 motion is dead on arrival. He took no appeal, *see, e.g.*, *United States v. Burchfield*, 2016 WL 143372 at * 1 (11th Cir. Jan. 13, 2016) (appeal of revocation judgment), so his claim is subject to procedural default. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *see also McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011) ("Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding.") (quotes and cite omitted). "[C]ourts have long and consistently affirmed that a collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal." *Lynn v. United States*, 365 F.3d 1225, 1232–33 (11th Cir. 2004). Nor does he show cause and prejudice to overcome that default.

Beyond the default issue is the revocation statute, which provides:

(e) Modification of conditions or revocation.--The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—

\* \* \*

6

(2) *extend* a term of supervised release *if* less than the maximum authorized term was previously imposed, and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision; [or]

(3) *revoke* a term of supervised release, and require the defendant to serve in prison *all or part* of *the* term of supervised release *authorized* by statute for the offense *that resulted in such term of supervised release* without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, *except* that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case. . . .

18 U.S.C. § 3583(e) (emphasis added).[6]

---

[6] Another part of that statute instructs:

(g) Mandatory revocation for possession of controlled substance or firearm or for refusal to comply with drug testing.--If the defendant—

All that mattered, as of the date Watts violated his supervised release, was the fact that he was still on it. Bearing in mind that sanctions imposed upon revocation of supervised release are part of the penalty for the initial offense, *Johnson v. United States*, 529 U.S. 694, 700 (2000), 18 U.S.C. § 3583(e) applies here. It authorizes, upon violation of supervised release, revocation and imprisonment for "all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release." 18 U.S.C. § 3583(e)(3). Hence, Watts could be sent back to prison for all or part of the entire supervised release period *authorized* by the statute(s) that Watts was convicted of offending. *Id.* That period here was seven

---

>    (1) possesses a controlled substance in violation of the condition set forth in subsection (d);
>
>    \* \* \*
>
> the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3).

18 U.S.C. § 3583(g). Again, Watts was convicted in state court for cocaine possession. That conviction established his violation of this Court's supervised release.

years.[7]

Watts evidently believes that the original, 36-month supervised release term that he received in 1995 limited the Court, upon revocation, to at most incarceration for the balance of that 36-month term. That's not how § 3583(e)(3) operates, however. In 1995 the Court sentenced Watts for the use of a firearm during the commission of a felony (Class A felony) and possession of a firearm by a convicted felon (Class C felony). 18 U.S.C. § 3583(e)(3) vested it with discretion to revoke his unexpired supervised release term and imprison him for up to five years for the Class A felony, plus up to two for his Class C felony.[8] The Court could have sent him back to prison for seven years

---

[7] Section 3583(e) caps the new imprisonment term at no more than five years if the offense that resulted in the term of supervised release is a Class A felony, three for a Class B felony, two for a Class C or D felony, and one for any other case. *See United States v. Smith*, 2015 WL 7293171 at * 1 (4th Cir. Nov. 19, 2015) ("A district court may revoke a term of supervised release and require a defendant to serve in prison all or part of the term of supervised release authorized by the original statute of conviction. 18 U.S.C. § 3583(e)(3). Such a defendant may not be required to serve more than five years in prison for a Class A felony, nor more than three years in prison for a Class B felony. *Id.*"); *see also* 18 U.S.C. § 3583(e)(3) (no more than two years for a Class C felony); *United States v. Landry*, 2015 WL 6688157 at * 2 (E.D. Tex. Oct. 30, 2015).

[8] Note also:

> (h) Supervised release following revocation.--When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the

(84 months) instead of the 56 months that he now challenges.

Watts' claim thus fails even if not defaulted. *See United States v. Woods*, 319 F. App'x. 440, 441 (7th Cir. 2009) (affirming that a defendant sentenced for committing a class A felony "can be sentenced for up to five years of reimprisonment for violating the terms of supervised release"); *Johnson*, 529 U.S. at 705 ("As it was written before the 1994 amendments, [Section 3583(e)] did not provide (as it now does) that the court could revoke the release term and require service of a prison term equal to the maximum authorized length of a term of supervised release."); *id.* at 712 (district court did not plainly err in imposing additional supervised release as well as reimprisonment); (§3583(e) permits district courts, following revocation of supervised release, to impose a combination of post-revocation imprisonment and additional supervised release

---

> court may include a requirement that the defendant be placed on a term of supervised release *after* imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

18 U.S.C. § 3583(h) (emphasis added). Upon Watts' revocation here, "[s]upervised release [was] *not* reimposed." Doc. 48 (emphasis added).

that is equal in duration to the authorized term of supervised release for the original offense); *see also* doc. 48 (Court imposed revocation judgment of less than seven years on Watts -- 56 months -- and no additional supervised release term).[9]

---

[9] This area can get pretty complicated:

> Neither section 3583(e)(3), which governs the imposition of a prison term upon revocation of supervised release, nor section 3583(h), which governs the imposition of supervised release following revocation, require that a defendant be credited for time served on his underlying conviction. [Cit]; *see also United States v. Cade*, 236 F.3d 463, 467 (9th Cir. 2000) ("[I]f a defendant repeatedly violates the conditions of supervised release, the court may repeatedly impose new terms of supervised release without credit for time served on supervised release."). Instead, section 3583(e)(3) provides that courts may "require the defendant to serve in prison all or part of the term of supervised release *authorized* by statute for the offense that resulted in such term of supervised release *without* credit for time previously served on post release supervision." 18 U.S.C. § 3583(e)(3). Similarly, section 3583(h) requires only that courts credit defendants with time spent in prison "that was imposed upon the revocation of supervised release." 18 U.S.C. § 3583(h); *see* [*United States v. Pettus*, 303 F.3d 480, 485 (2nd Cir. 2002)].

*Pressley*, 2015 WL 4378379 at * 7 (emphasis added); *see also United States v. Cunningham*, 800 F.3d 1290, 1293 (11th Cir. 2015) ("Upon each revocation of supervised release a defendant may be sentenced to the felony class limits contained within [18 U.S.C.] § 3583(e)(3) without regard to imprisonment previously served for revocation of supervised release."), cited in Ann, 23 A.L.R. 4TH 883 (collecting "cases in which the courts have discussed whether a trial judge may, upon revocation of probation, impose a sentence greater than the sentence which was originally imposed.").

## II. CONCLUSION

Gillard Watts' 28 U.S.C. § 2255 motion (doc. 51) therefore should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2254 Cases ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added).

**SO REPORTED AND RECOMMENDED,** this  25th  day of February, 2016.

<span style="text-align:center">*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA</span>